PER CURIAM.
The former wife appeals a final judgment of dissolution of marriage. She challenges the amount of child support awarded and seeks clarification of the trial court’s disposition of the husband’s retirement fund. We reverse a portion of the child support award, and we remand for clarification of the provision that addresses the husband’s retirement fund.
Testimony at the final hearing revealed that on August 10,1995, the former husband sustained an on-the-job injury and became disabled. As a result, his income was reduced. A representative of his employer testified that from May 13, 1996 to August 13, 1996, the former husband would receive half-pay. After that date, he would receive worker’s compensation benefits until he was able to return to work. The final judgment directed the former husband to pay $308.70 per month in child support from May 13, 1996 until August 1, 1996, at which time the child support obligation would be reduced to $142.40 per month.
The amount of child support awarded for the period of May 13,1996 until August 1, 1996 is supported by the record, and we therefore affirm it. The record, however, does not support the reduction in child support for the second period. At half-pay, the former husband was to receive approximately $1,250 every two weeks. During the second period, his worker’s compensation benefits were to be approximately $465 per week, or $930 every two weeks. There is no evidence in the record regarding what deductions would apply to the former husband’s gross income during the second period. According to 26 U.S.C. § 104 (1988), worker’s compensation benefits are not included in gross income for federal income tax purposes. Thus, the deductions would be significantly less than in the first period. Under these eir- *1348 cumstances, we are unable to find record support for the forty-six percent reduction in child support from the first period to the second period. We therefore reverse that portion of the child support award and remand for reconsideration.
We also remand for clarification of paragraph ten of the final judgment, which awards the former wife a one-half interest in the former husband’s retirement fund. At the final hearing, the former husband testified that he had a vested interest in a profit-sharing plan with a former employer. The trial court found that ninety percent of the retirement fund was a nonmarital asset, but ordered that one-half of the fund would be paid to the former wife as rehabilitative alimony. The final judgment, however, does not mention rehabilitative alimony. Instead, it reserves the trial court’s jurisdiction on the issue of alimony. Further, the final judgment fails to specify the plan, the number of payments, or the period to which the order applies. Both parties agree that clarification is needed on this issue. We therefore also remand for the trial court to clarify its ruling with regard to the former husband’s retirement fund. We affirm the final judgment in all other respects.
Affirmed in part; reversed in part and remanded.
DANAHY, A.C.J., and THREADGILL and BLUE, JJ., concur.